1  Donald P. Sullivan (State Bar No. 191080)
   JACKSON LEWIS P.C.
2  50 California Street, 9th Floor
   San Francisco, California 94111-4615
3  Telephone: (415) 394-9400
   Facsimile: (415) 394-9401
4  E-mail:  Donald.Sullivan@jacksonlewis.com

5  Attorneys for Defendant
   THE CULINARY INSTITUTE OF
6  AMERICA

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11 ADRIANA CARLIN, on behalf of herself and    Case No.
   all others similarly situated,
12                                              **DEFENDANT'S NOTICE OF
              Plaintiff,                        REMOVAL OF ACTION TO
13                                              FEDERAL COURT PURSUANT
        v.                                      TO  28 U.S.C. §§ 1332 and 1441**
14
   THE CULINARY INSTITUTE OF
15 AMERICA, a New York Nonprofit
   Corporation, and DOES 1 through 10,
16 inclusive,

17           Defendant.

18

19 **TO THE CLERK OF THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT**

20 **OF CALIFORNIA, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

21        PLEASE TAKE NOTICE that Defendant THE CULINARY INSTITUTE OF

22 AMERICA ("Defendant") removes the above-entitled action to this Court from the Superior

23 Court of the State of California, County of Napa, pursuant to 28 U.S.C. § 1441.  Defendant

24 invokes this Court's original jurisdiction under 28 U.S.C. § 1332(d) (the Class Action Fairness

25 Act).  Defendant submits this Notice of Removal without waiving any defenses to the claims

26 asserted by Plaintiff ADRIANA CARLIN ("Plaintiff") against Defendant, as well as without

27 conceding that Plaintiff has pleaded any claims upon which relief can be granted.  This removal

28 is based on the following grounds:

                                            1
Defendant's Notice of Removal                                                        Case No.

### I. PROCEDURAL BACKGROUND.

1. On March 22, 2021, Plaintiff filed a class action Complaint in the Superior Court of the State of California, County of Napa, entitled *Adriana Carlin v. the Culinary Institute of America*, Case No. 21CV000404.

2. On Thursday, March 25, 2021, Plaintiff served the Summons, Complaint, Alternative Dispute Resolution (ADR) Package, Civil Case Cover Sheet, and Notice of Case Management Conference on Defendant's Agent for Service of Process. True and correct copies of these documents are attached hereto as Exhibit A-E.

3. On Tuesday, March 30, 2021, Plaintiff filed with the Superior Court of the State of California, County of Napa, a Proof of Service of Summons indicating that she caused the Summons, Complaint, Alternative Dispute Resolution (ADR) Package, Civil Case Cover Sheet, and Notice of Case Management Conference to be personally served on Defendant through its registered agent for service of process on Thursday, March 25, 2021. A true and correct copy of the Proof of Service of Summons is attached hereto as Exhibit F.

4. Exhibits A through F constitute all the pleadings that have been served in this action as of the date of the filing of this Notice of Removal.

### II. REMOVAL IS TIMELY.

5. Plaintiff served Defendant with the Complaint on March 25, 2021. Hence, this Notice of Removal is timely under 28 U.S.C. §§ 1446(b) and 1453. *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 354 (1999). No previous Notice of Removal has been filed or made with this Court.

### III. NOTICE.

6. Defendant will promptly serve this Notice of Removal on all parties and promptly file a copy of this Notice of Removal with the Clerk of the Superior Court, County of Napa, as required by 28 U.S.C. § 1446(d).

### IV. PLAINTIFF'S ALLEGATIONS.

7. In her Complaint, Plaintiff alleges that she is a current student at the Culinary Institute of America, that she has been enrolled as a student since the beginning of the 2020

1  academic year, and that she is scheduled to graduate with an Associates degree in Baking and
2  Pastry Arts in 2021. *See* Exhibit A (Complaint ¶ 6).

3        8.      Plaintiff further alleges that, due to Covid-19, Defendant has "shut down all of its
4  campus facilities, discontinued all live in-person instruction of all courses at any of Defendants'
5  (sic) campuses, and instead moved all instruction to virtual online pre-recorded and/or live
6  streaming video instruction. Plaintiff has also alleged that Defendant has "continued holding
7  Plaintiff and all students liable for the full pre-shutdown tuition and fee obligations, despite the
8  fact that Defendants (sic) are unable to provide, and are not providing, the services and facilities
9  that the students bargained for and are being billed for as part of their tuition and fees – fees and
10 tuition costs that easily amount of thousands of dollars per student but less than $75,000 each at
11 this time." *See* Exhibit A (Complaint ¶ 1).

12       9.      Plaintiff argues that by continuing to charge full tuition without being able to
13 provide full in-person learning, Defendant has breached its contract with Plaintiff and the class
14 she purports to represent. *See* Exhibit A (Complaint ¶ 4). She then argues that the services that
15 Defendant is providing are not only different from those bargained for, but are also of a lesser
16 value. As a remedy, and on behalf of herself and all similarly situated students, Plaintiff is
17 seeking disgorgement of payments for unused services and refunds of tuition "for the inadequate,
18 subpar educational instruction provided in lieu of the quality education for which they
19 bargained." *See* Exhibit A (Complaint ¶ 29). Plaintiff is seeking to recover a portion of her
20 tuition and fees paid for the Spring 2020 term and thereafter. *See* Exhibit A (Complaint ¶ 31).

21       10.     Regarding tuition, Plaintiff alleges that for enrollment in the Associates Degree
22 Program, the Master's Degree Program, or the Accelerated Culinary Arts Certificate Program,
23 tuition, board, and fees equals approximately $18,000.00 per student per semester. *See* Exhibit
24 A (Complaint ¶ 11). Living on-campus in a residence hall costs an additional $5,175 to $3,525
25 per semester, depending on the accommodations. *See* Exhibit A (Complaint ¶ 12).

26       11.     Defendant has approximately 256 enrolled students per semester.

27       12.     Based on her allegations, Plaintiff asserts four claims on behalf of herself and the
28 putative class members: (1) Breach of Contract; (2) Unjust Enrichment; (3) Conversion; and (4)

Violation of California's Unfair Competition Law, California Business and Professions Code section 17200.

## V. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA.

13. Plaintiff brings this action as a putative class action.[1] Removal under the Class Action Fairness Act ("CAFA") is proper pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453 because (1) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5,000,000, exclusive of interest and costs; (2) the aggregate number of putative class members in all proposed classes is 100 or greater; and (3) diversity of citizenship exists between at least one putative class member and the named defendants in this matter. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453; *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1089–90, 1090 n.2 (9th Cir. 2010). Although Defendant denies Plaintiff's factual allegations and denies that Plaintiff or the class she purports to represent are entitled to the relief requested, all requirements for jurisdiction under CAFA have been met in this case.

### A. The Putative Class Has More Than 100 Members.

14. To remove under CAFA, the aggregate number of putative class members in all proposed classes must be greater than 100. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B); *United Steel*, 602 F.3d at 1090, 1090 n.2. Defendant had approximately 250 students enrolled each semester from the beginning of 2020 to the present. Accordingly, there are at least 100 members of the proposed class according to the allegations in the Complaint.

### B. Diversity of Citizenship Exists.

15. To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists—that is, one putative class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2)(a) (under CAFA's minimal diversity requirements, diversity exists where "any member of a class of plaintiffs is a citizen of a State

---

[1] Defendant denies and reserves the right to contest at the appropriate time, that this action can properly proceed as a class action.

4

different from any defendant"); *United Steel*, 602 F.3d at 1090–91 (holding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

16. "An individual is a citizen of the state in which he is domiciled. . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). While Plaintiff does not allege the state of her residence, the fact that she was a student at Defendant's California campus reasonably leads to the conclusion that she is a resident of the State of California. Plaintiff is, therefore, a citizen of California for diversity jurisdiction purposes. Moreover, Plaintiff has brought claims on behalf of putative class members residing in California. *See* Exhibit A (Complaint ¶ 32). Thus, at least one putative class member is a citizen of California for diversity jurisdiction purposes.

17. Defendant is a non-profit corporation incorporated under the laws of the state of New York. *See* Exhibit A (Complaint ¶ 7). Defendant maintains its principal place of business in New York. Hence, Defendant is a citizen of the State of New York.

18. It is not necessary for DOES 1 through 10 to join in this removal as they have been sued under fictitious names, have not been served or received the Summons or the Complaint, and, under 28 U.S.C. § 1441(b)(1), are disregarded for purposes of removal and are not proper parties in this Court.

19. Accordingly, *at least one member* of the putative class is a citizen of a state different from a defendant for the purpose of determining diversity. Plaintiff is a citizen of California and Defendant is a citizen of New York. 28 U.S.C. §§ 1332(d)(10). As a result, diversity jurisdiction exists under CAFA. 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any Defendant").

///

### C. The Amount in Controversy Exceeds $5,000,000.

20. Pursuant to CAFA, the claims of the individual members in a putative class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). Plaintiff may not avoid removal to federal court under CAFA's $5,000,000 amount in controversy requirement by expressly alleging or subsequently stipulating that damages fall below that sum. *See Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1347 (2013). Because here Plaintiff has not expressly pled a specific amount of damages, Defendant need only show that it is more likely than not that the amount in controversy exceeds $5,000,000. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 788-89 (9th Cir. 2018); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

21. A removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" within the removing party's notice of removal. *See Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547, 554 (2014). In the case of a dispute, Defendant's burden to establish the amount in controversy is the preponderance of the evidence standard. *See id.; see also Jordan v. Nationstar Mortg., LLC*, 781 F.3d 1178, 1183 (9th Cir. 2015) (citing *Dart Cherokee* for the proposition that there is no anti-removal presumption against CAFA cases). "If a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." Senate Judiciary Report, S. REP. 109–14, at 42 (2005) (citation omitted).

22. "[T]he burden to establish the amount in controversy by a preponderance of the evidence does not require the defendant to 'research, state, and prove the plaintiff's claims for damages." *Mackall v. HealthSource Global Staffing, Inc.*, 2016 U.S. Dist. LEXIS 119292, at *8 (N.D. Cal. Sept. 2, 2016); *see also Sanchez v. Russell Sigler, Inc.*, Case No. CV 15-01350-AB (PLAx), 2015 U.S. Dist. U.S. LEXIS 55667, at *5 (C.D. Cal. Apr. 28, 2015). *See also LaCross v. Knight Transport. Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (rejecting plaintiff's argument for

remand based on the contention that the class may not be able to prove all amounts claimed: "Plaintiffs are conflating the amount in controversy with the amount of damages ultimately recoverable"); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (in alleging the amount in controversy, defendants "are not stipulating to damages suffered, but only estimating the damages in controversy"). The ultimate inquiry is what amount is put "in controversy" by Plaintiff's Complaint, not what a defendant will actually owe. *LaCross*, 775 F.3d at 1202 (explaining that courts are directed "to first look to the complaint in determining the amount in controversy") (citation omitted).

23. Under *Dart Cherokee*, a removing defendant is not required to submit evidence in support of its removal allegations. *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 963 (9th Cir. 2020); *Craig v. Universum Communs., Inc.*, 2020 U.S. Dist. LEXIS 144046, at *9 (N.D. Cal. Aug. 11, 2020) ("Defendant is not required to submit outside evidence[.]"). However, as detailed below, Defendant has both plausibly alleged and established by a preponderance of the evidence that the amount in controversy exceeds $5,000,000 and the Court has jurisdiction pursuant to CAFA.

24. Although Defendant denies Plaintiff's factual allegations and denies that Plaintiff or the putative class he seeks to represent is entitled to any relief, Plaintiff's allegations have more likely than not put into controversy an amount that exceeds the $5,000,000 threshold when aggregating the claims of the putative class members as set forth in 28 U.S.C. § 1332(d)(6).[2]

25. In her Complaint, Plaintiff is seeking a refund of a portion of tuition and fees paid for the Spring 2020 semester and thereafter. There have been a total of three semesters since the Covid-19 Pandemic was declared in Spring 2000. The per semester tuition and fees is

---

[2] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint. Defendant's references to potential damage amounts based on Plaintiff's allegations are provided solely for establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Defendant maintains that each of Plaintiff's claims is without merit and that Defendant is not liable to Plaintiff or any putative class member. In addition, Defendant denies that liability or damages can be established on a classwide basis. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendant's] liability." *Lewis v. Verizon Commcn's, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

approximately $18,000, and there are approximately 250 students enrolled per semester. That means that for the three semesters since Spring 2020, students have paid approximately $13,500,000.00 in tuition and fees. If Plaintiff is seeking a refund of 50% of the tuition and fees paid during these three semesters, the amount in controversy in this case is $6,750,000.00, exclusive of interests, costs and attorneys fees. Even if Plaintiff was seeking a refund of only 40%, the amount in controversy is still $5,400,000.00.

26. In addition to refunds and/or disgorgement, Plaintiff is also seeking her attorney's fees. *See* Exhibit A (Complaint, Prayer for Relief, ¶ 8). Although Defendant denies Plaintiff's claim for attorneys' fees, for purposes of removal, the Ninth Circuit uses a benchmark rate of twenty-five percent of the potential damages as the amount of attorneys' fees. *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 260 (N.D. Cal. 2015) (noting that federal courts have consistently approved of attorney fee awards over the 25% benchmark, specifically at a rate of 30% or higher); *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of the common fund). Based on an estimate request of a 50% refund of tuition paid during the three semesters since Spring 2020, attorney's fees would be $1,687,500.00, bringing the total amount in controversy in this $8,437,500.00.

27. Based on the foregoing, all requirements for CAFA removal are more than satisfied here.

## VI.   VENUE.

45. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

46. This action was filed in the Superior Court in and for the County of Napa. Thus, venue of this action properly lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 84(c)(2) and 1441(a). Venue of this action is also proper pursuant to 28 U.S.C. § 1391, providing that an action may be venued in a judicial district where a substantial part of the events or omissions giving rise to the claim occurred, and where, based

on information and belief, the plaintiff resides.

Pursuant to Northern District of California, Civil Local Rule 3-2(d), this matter should be assigned to either the San Francisco or Oakland Divisions of this Court because the events alleged in the Complaint occurred in Napa County.

## VII.  CONCLUSION.

47. Based on the foregoing, Defendant requests that this action be removed to this Court. If any question arises as to the propriety of removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its argument that removal is proper.

Date:  April 23, 2021                                              JACKSON LEWIS P.C.


By: /s/ Donald P. Sullivan
    Donald P. Sullivan
    Counsel for Defendant
    CULINARY INSTITUTE OF
    AMERICA

4830-4329-2646, v. 1